UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY SORGENFREY,<br><br>                         Plaintiff,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION, LLC AND SYNGENTA AG,<br><br>                       Defendants. | Case No: _____<br><br>(Formerly Case No. 2021L005210 in the Circuit Court of Cook County, Illinois) |

## NOTICE OF REMOVAL

Defendant Syngenta Crop Protection LLC ("Syngenta") under 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned action from the Circuit Court of the Circuit Court of Cook County, Illinois, case number 2021L005210, to the United States District Court for the Northern District of Illinois. Removal is proper because the Court has diversity jurisdiction over this case, and Syngenta has satisfied all requirements for removal. In support of removal, Syngenta provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### NATURE OF REMOVED ACTION

1. On May 21, 2021, Plaintiff Terry Sorgenfrey and Maria Gabriella Sorgenfrey filed this action in the Circuit Court of Cook County, Illinois, case number 2021L005210, alleging claims based upon exposure to products containing paraquat by Thomas Sorgenfrey and his subsequent diagnosis with Parkinson's disease.

2. Plaintiffs' Complaint asserted eight causes of action against Syngenta, namely: (i) strict product liability - design defect; (ii) strict product liability - failure to warn; (iii) negligence; (iv) public nuisance; (v) violation of the Illinois Consumer Fraud and Deceptive Business Practices

1

Act, 815 ILCS 505/1 et seq.; (vi) breach of implied warranty of merchantability; and (vi) loss of consortium.

3. Plaintiffs also made the same claims against Defendants Syngenta AG, Winfield Solutions, LLC ("Winfield"), Growmark, Inc. ("Growmark"), Helena Agri-Enterprises, LLC ("Helena"), Chevron Phillips Chemical Company LP, and Chevron U.S.A. Inc.

4. In short, the thrust of Mr. Sorgenfrey's allegations was that by manufacturing, distributing, or selling products containing paraquat, Syngenta exposed him to an increased likelihood of developing Parkinson's disease, a disease with which he was later diagnosed.

5. This alleged conduct allegedly harmed Plaintiffs in the form of physical pain, mental anguish, loss of consortium, and medical expenses.

6. Over 5,000 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta and Chevron U.S.A. Inc., in federal courts around the country, and the vast majority have been consolidated into a multidistrict litigation in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021). Progress for bellwether trials in the MDL is proceeding apace, with *Daubert* and summary judgment briefing complete, along with new cases regularly being directly filed in the MDL or transferred to it.

7. On August 19, 2021, Plaintiffs voluntarily dismissed Chevron Phillips Chemical Company LP and Syngenta AG as Defendants, Vol. Dismissal of Chevron Phillips Chemical Company LP and Syngenta AG, *Sorgenfrey v. Syngenta Crop Protection, LLC, et al.*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Aug. 19, 2021), and on September 25, 2021, Plaintiffs voluntarily dismissed Chevron U.S.A. Inc. as a Defendant, Vol. Dismissal of Chevron U.S.A. Inc., *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Sept. 25, 2021).

8. After the remaining Defendants—Syngenta, Winfield, Growmark, and Helena—each filed a motion to dismiss, and following a hearing concerning those motions on January 13, 2023, Plaintiff (now on behalf of only Mr. Terry Sorgenfrey) filed a First Amended Complaint on February 10, 2023. 1st Am. Compl., Chevron U.S.A. Inc., *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Feb. 10, 2023).[1]

9. On March 10, 2023, each of the remaining Defendants answered the first amended complaint. *E.g.*, Syngenta Crop Protection, LLC's Answer to 1st Am. Compl., *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Mar. 10, 2023).[2]

10. On May 26, 2023, Plaintiff filed a second amended operative complaint—which is the operative complaint in the action—and asserted claims for negligence and public nuisance against all remaining defendants. 2d Am. Compl., *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Mar. 26, 2023).

11. And on January 24, 2024, Plaintiff voluntarily dismissed Winfield, Growmark, and Helena as Defendants in this action, leaving only Syngenta as the only remaining Defendant who has been properly joined and served. Vol. Dismissal of Winfield Solutions, LLC, Growmark, Inc., Helena Agri-Enterprises, LLC, *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Jan. 24, 2024); *see also infra* ¶ 25.

12. It is undisputed that this case is now subject to removal on the grounds of diversity jurisdiction because complete diversity of citizenship exists between Plaintiff and the remaining

---

[1] At the January 13, 2023 hearing, the state trial court dismissed all counts in Plaintiffs' initial complaint except those for negligence and public nuisance and granted Plaintiffs leave to amend their complaint accordingly. Order on Defs.' Mot. to Dismiss *Sorgenfrey*, Case No. 2021L005210 (Circuit Ct. Cook Cnty, Jan. 20, 2023).

[2] Plaintiff added Syngenta AG back into his First (and Second) Amended Complaints. But Syngenta AG, as a foreign corporation, has never been served in this action under the Hague Convention.

Defendants, as Winfield, Growmark, and Helena have recently been dismissed: Plaintiff is citizen of Illinois, and Syngenta is a citizen of Delaware. And as set forth below, Plaintiff has advised that they do not intend to seek to remand this action. *See infra* at 4 n.2.

13. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of this Court, a copy of the Second Amended Complaint is attached as **Exhibit A** ("2d Am. Compl."). A copy of all other process, pleadings, and orders served on Syngenta otherwise on file with the state court are attached as **Exhibits B-1**, **B-2**, and **B-3**. A copy of the dismissals of Winfield Solutions, LLC, Growmark, Inc., and Helena Agri-Enterprises, LLC is attached as **Exhibit C**.

## TIMELINESS OF REMOVAL

14. Syngenta was served with the Complaint on May 26, 2021. There is no dispute between the parties that the case is now removable because complete diversity exists between the remaining parties. Accordingly, this notice of removal is timely. *See, e.g.*, 28 U.S.C. § 1446(b)(3) (notice of removal "may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").[3]

---

[3] Plaintiff has indicated that he waives, and does not intend to assert, any procedural objection to the removal of this action on timeliness grounds, including the one-year limitation of removal of claims based on diversity jurisdiction. *See* **Exhibit D** (email regarding waiver); *Arnieri v. Cornhoff*, 807 F. Supp. 2d 739, 741–42 (N.D. Ill. 2011) ("Because tardiness in removal is not a subject matter jurisdictional issue, this Court is not in a position to order a remand sua sponte under Section 1447(c). Instead it has posed the matter in this opinion to see whether Arnieri's counsel wishes to move for a remand on that ground, as is permitted by the first sentence of Section 1447(c)." (footnote omitted)); *see also Waugh v. Weinhoeft*, 2022 WL 17175904 at *1 (S.D. Ill. Nov. 23, 2022) ("[B]ecause the failure of Sproul to timely remove the case does not implicate the Court's subject matter jurisdiction, it would be improper for this Court to *sua sponte* order a remand on this basis."); *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited.").

**PROPRIETY OF VENUE**

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois, where the state court action was pending prior to removal, is a state court within this federal district and division.

**BASIS OF REMOVAL**

**Diversity Jurisdiction**

16. Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

17. Plaintiff Terry Sorgenfrey is a citizen of the State of Illinois. 2d Am. Compl. ¶ 1.

18. Syngenta is an LLC with its headquarters in Greensboro, North Carolina. But an LLC is a citizen of the State in which its members reside, not the State where its principal place of business is located, and, where applicable, a court must trace an LLC's citizenship through multiple layers of ownership. *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. Syngenta is therefore a citizen only of the State of Delaware.

19. Complete diversity thus exists between the remaining parties.

20. In addition, there is more than a plausible basis for concluding that the amount in controversy in this proceeding exceeds $75,000. A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The defendant is required to present evidence supporting that plausible allegation only if the allegation is challenged by the plaintiff or the court. *Id.* The court applies a preponderance of the evidence standard and may review any evidence submitted with the notice of removal, as well as make a "good faith estimate" to

determine whether the amount in controversy has been met. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578–79 (7th Cir. 2017).

21. Allegations of long-term health issues are more likely to exceed the amount in controversy requirement. *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012); *Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 624 (N.D. Ill. 2021).

22. The amount in controversy is met here because Plaintiff seeks substantial monetary damages, alleging that he has suffered "severe and permanent physical pain, mental anguish, and disability, and will continue to do so for the remainder of his life; has suffered the loss of a normal life and will continue to do so for the remainder of his life; has lost income that he otherwise would have earned and will continue to do so for the remainder of his life; and has incurred reasonable expenses for necessary medical treatment and will continue to do so for the remainder of his life" as a result of his diagnosis with a serious long-term illness—Parkinson's disease. 2d Am. Compl. ¶ 202. Indeed, the cost of Mr. Sorgenfrey's medical treatment alone likely satisfies the $75,000 requirement. *See* Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," *available at* https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states.[4]

## OTHER REMOVAL ITEMS

23. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."

24. All Defendants who have been properly joined and served in this action (i.e., Syngenta) consent to removal, as indicated by counsel's signature below.

---

[4] If Syngenta is mistaken on this point, it invites Plaintiff to stipulate that their alleged damages do not exceed $75,000.

25. Because Syngenta AG has not been served, Syngenta does not require Syngenta AG's consent for removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action" (emphasis added)).

26. By filing this Notice of Removal, Syngenta expressly reserves, and does not waive, any and all defenses that may be available, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of removal to this Court, Syngenta requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

27. Under 28 U.S.C. § 1446(d), Syngenta is contemporaneously filing a Notice of Filing Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff.

28. **WHEREFORE**, Syngenta removes this action, now pending in the Circuit Court of Cook County, Illinois, case number 2021L005210, to this Court.

Dated: January 29, 2024

Respectfully submitted,

*/s/ Amelia Bailey*
Amelia Bailey (ARDC #6323592)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: +1 312 862 2765
Facsimile: +1 312 862 2200
amelia.bailey@kirkland.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for Plaintiff at the following addresses:

| | |
|---|---|
| Robert N. Wadington<br>Robert N. Wadington & Associates<br>111 West Washington Street, Suite 1330<br>Chicago, Illinois 60602<br>Tel: 312-629-2706<br>rwadington@wadingtonlaw.com<br>**Attorney for Plaintiff** | Gibbs Henderson<br>Fears Nachawati Law Firm<br>5473 Blair Road<br>Dallas, Texas 75231<br>Tel: 214-890-0711<br>ghenderson@fnlawfirm.com<br>**Attorney for Plaintiff** |

*/s/ Amelia Bailey*
Amelia Bailey